UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JODI JOBELIUS,

        Plaintiff,

v.                                                       Case No. 05-C-191

SOURCECORP BPS, INC., et al.,

        Defendant.

---

**DECISION AND ORDER**

---

        Plaintiff Jodi Jobelius, ("Jobelius"), filed this claim under the Pregnancy Discrimination Amendment to Title VII, 42 U.S.C. § 2000e(k), commonly called the Pregnancy Discrimination Act ("PDA") against her former employer, SourceCorp BPS, Inc., ("SourceCorp"). Jobelius alleges that SourceCorp terminated her because she was pregnant. However, SourceCorp contends that Jobelius has failed to provide evidence of an essential element of her claim, namely that similarly situated employees received more favorable treatment, and seeks summary judgment on that basis. For the following reasons SourceCorp's motion for summary judgment will be granted and Jobelius' claim dismissed.

**I. BACKGROUND**

        Jobelius was hired by SourceCorp on a full-time basis as a correspondence technician in January of 2004. (Comp. 8.) SourceCorp provides document management and copying services to hospitals and clinics. (Def.'s PFOF 1.) SourceCorp's Family Medical Leave Policy, ("Policy")

in accordance with federal law, applies to employees who have worked more than 1,250 hours over the previous 12-month period. The Policy permits employees up to twelve weeks of leave for qualified family and medical emergencies, related and unrelated to pregnancy. (Dahlke Aff. Ex. 1.)

Jobelius notified her supervisor, Samantha Dahlke, that she was pregnant in mid-February, about a month after she started working. (Compl. 11.) One month later, Jobelius further indicated to Dahlke that she was experiencing complications related to her pregnancy and would have to reduce her workload from 40 to 30 hour per week. (Dahlke Aff. 19.) Dahlke then contacted the Human Resources Department which determined that due to her short tenure with SourceCorp, Jobelius did not qualify for leave under the Policy. (Def.'s PFOF 19.) The HR Department further concluded that there was no way to accommodate Jobelius's reduced ability to work and terminated her employment on March 25, 2004. (Def.'s PFOF 30.)

Jobelius argues that her termination violated the PDA because SourceCorp accommodated other non-pregnant employees in need of leave by transferring their job duties to temporary "floater" employees. SourceCorp regularly used floaters to cover for absent employees. (Pl.'s PFOF 67.) For example, when full-time employee Lisa Casperson was recovering from surgery SourceCorp had a floater cover for her. (Pl.'s PFOF 93.)

In the weeks following Jobelius's termination, Dahkle tried to contact Jobelius several times to notify her of newly available positions at SourceCorp which only required 30 hours per week. (Dahkle Aff. 26, 27 Ex. D.) Jobelius rejected all of the offers in a letter to her supervisor dated May 27, 2004. (Dahkle Aff. 28 Ex. E.) In that letter, Jobelius also indicated she had filed a discrimination complaint against SourceCorp. (*Id.*)

## II. ANALYSIS

Under the Federal Rules of Civil Procedure, summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

As Celotex makes clear, the burden that each party carries with respect to a motion for summary judgment varies significantly depending upon which party bears the burden of proof at trial on the issue upon which summary judgment is sought. Where the party seeking summary judgment does not bear the burden of proof at trial on any element of the claim, it is enough that it inform the court of "the basis of its motion and identif[y] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* at 323. There is no requirement that a moving party who does not bear the burden of proof establish that the element does not exist. In other words, a moving party who does not have the burden of proof at

3

trial, (usually the defendant), is not required to prove a negative in order to make a prima facie showing for summary judgment. *Id.*

Once such a showing is made, however, the nonmoving party who does have the burden of proof at trial, (usually the plaintiff), must respond. In the face of a properly supported motion for summary judgment by the defendant, the plaintiff must designate specific facts to support or defend each element of the cause of action, showing that there is a genuine issue for trial. *Id.* at 322-24. Moreover, the party that bears the burden of proof at trial must show that it has admissible evidence to support its claim. *Winskunas v. Birnbaum,* 23 F.3d 1264 (7th Cir. 1994). It is for this reason that summary judgment is referred to in federal courts as the "put up or shut up moment in a lawsuit." *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (internal quotes omitted).

To establish a prima facie case for employment discrimination under the Pregnancy Discrimination Act (PDA), a plaintiff must prove the following four elements. "(1) She was pregnant (a member of a protected class) and her employer knew that she was pregnant; (2) she was performing her duties satisfactorily; (3) she was discharged; and (4) similarly situated employees not in the protected class were treated more favorably." *Clay v. Holy Cross Hospital,* 253 F.3d 1000, 1005 (7th Cir. 1997). The moving party, on motion for summary judgment, may dispose of an entire claim by demonstrating a lack of support of any one essential element. *Celotex,* 477 U.S. at 322.

In the present case, SourceCorp has successfully demonstrated the lack of proof of an essential element of Jobelius's claim. Namely, Jobelius has provided no proof of similarly situated non-pregnant employees who were treated more favorably. Jobelius attempts to support her allegation of discriminatory treatment by showing that SourceCorp had a well-established policy

4

of covering employee absences with floater employees. Jobelius claims she was denied the benefit of this policy when she requested cover for her absence. However, the evidence indicates that SourceCorp used "floaters" to cover for employees who were on vacation or were qualified for leave under its Family and Medical Leave Act Policy, or when there was a backlog at a particular site. There is no evidence that SourceCorp used floaters to cover non-pregnant employees' medical leave, unless they qualified for leave under SourceCorp's Policy.

In an effort to establish this element of her claim, Jobelius points to employee Lisa Casperson, who was absent for a month following a non-pregnancy related surgery. SourceCorp used a floater to cover Caperson's duties during that time. However, Casperson's situation differed significantly from Jobelius's. Carsperson had been a full-time employee of SourceCorp for ten years at the time of her surgery. Thus, she clearly qualified for medical leave according to both company and federal policies. (Dahlke Aff. Ex. A.) On the other hand, when Jobelius requested accommodation for her pregnancy she had only worked for SourceCorp for two months, far short of the Policy's twelve-month requirement. Jobelius is not similarly situated, for purposes of the PDA, to those employees who were qualified to take leave.

SourceCorp correctly points out that the Seventh Circuit has already addressed this issue. In *Piraino v. International Orientation Resources,* 137 F.3d 987 (7th Cir. 1998), an employer drafted its medical leave policy after learning that a new employee was pregnant. The policy limited maternity leave to employees who had worked for more than a year, thus denying the new employee leave for her pregnancy. *Id.* The court found that the employer's actions did not violate the PDA. *Id.* "If the policy discriminates at all, it discriminates between those employees with more than or less than a year of service with the company. An employee's length of service, however, does not

5

place her in a protected class." *Id.* at 991. If the Seventh Circuit did not find evidence of discrimination when the employer created its policy in response to a new employee's pregnancy, there certainly is none here. SourceCorp already had its Policy in place when Jobelius was hired and clearly did not implement it in response to Jobelius's pregnancy. No inference of discrimination can arise under these circumstances.

SourceCorp also correctly notes that the PDA does not require employers to accommodate pregnant employees. *Marshall v. American Hospital Ass'n,* 157 F.3d 520, 525 (7th Cir. 1998). "The PDA does not require employers to offer maternity leave or other special assistance to pregnant employees; however, it does require employers to treat a pregnant employee as well as that employee would have been treated had she not been pregnant." *Id.*

Furthermore, SourceCorp presents evidence of two other employees who, like Jobelius, did not qualify for medical leave and who, like Jobelius, were terminated for failing to work the required hours. (Dahlke Aff. 29-31.) One employee sought time off for "surgery and follow-up medical appointments unrelated to pregnancy." (Dahlke Aff. 30.) Another needed additional time for a non-pregnancy related medical issue after she had exhausted all of her Policy leave. (Dahlke Aff. 31.) SourceCorp terminated both of those employees. (*Id.*)

## III. CONCLUSION

In conclusion, there is no evidence of non-pregnant employees, ineligible for leave under SourceCorp's Policy who were treated more favorably than Jobelius. In order to succeed on a PDA claim, a plaintiff must demonstrate similarly situated individuals outside of the protected class received more favorably treatment. Because Jobelius has failed to support that essential element

6

of her claim, SourceCorp's motion for summary judgment is granted and Jobelius' claim is now dismissed. The clerk is to enter judgment in favor of the defendant.

**SO ORDERED** this   7th   day of August, 2006.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge